UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OWEN OLIVER SIMMS,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26-CV-401-CCB-SJF

## OPINION AND ORDER

Immigration detainee Owen Oliver Simms, representing himself, filed a petition

for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully

confined in violation of the laws or Constitution of the United States. ECF 1. The

respondent has answered the petition, and Simms has filed a reply. ECF 12, ECF 15. The

petition is ready to be decided.

## BACKGROUND

Simms is a Jamaican citizen who entered the United States in 1995. ECF 12-1 at

16-20. He was convicted on multiple occasions in New York, and, on November 1, 2012,

he was removed to Jamaica. *Id.* By December 7, 2018, Simms had returned to the United

States. *Id.* He was subsequently convicted of another criminal offense and transferred

into immigration custody on March 22, 2024. ECF 1 at 1. On January 3, 2025, an

immigration judge ordered him removed to Jamaica but also granted withholding of

removal to Jamaica under the Convention Against Torture. ECF 12-1 at 32-43. He

appealed to the Board of Immigration Appeals, which dismissed the appeal on August 22, 2025. ECF 1 at 3. He is currently held at the Miami Correctional Facility. *Id.* at 2.

The respondent filed an affidavit in which an Immigration and Customs Enforcement (ICE) official attested that ICE is actively working to find a country to accept Simms for removal. ECF 12-2. Specifically, on April 7, 2026, ICE submitted requests to the Dominican Republic and Barbados, and on April 14, 2026, ICE submitted a request to Canada. *Id.* Though the Dominican Republic declined the request, ICE continues to await responses from Barbados and Canada and is also evaluating other options. *Id.*

<u>SUBJECT MATTER JURISDICTION</u>

The respondent first argues that the court lacks subject matter jurisdiction over Simms' habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 20260 (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the respondent first argues that Simms' detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention

2

pending execution of a removal order. However, beyond the "removal period,"[1] which for Simms ended in November 2025, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Simms has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

---

[1] The removal period spans 90 days and begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1).

The record adequately demonstrates that Simms will not be removed Jamaica in the near future, but Simms does not adequately address the government's efforts to remove him to other countries. Specifically, the government has recently submitted requests to Canada and Barbados, which remain pending. At most, he suggests that these countries will refuse to accept him because the Dominican Republic refused to accept him. However, this argument does not provide good reason to believe that his removal is not reasonably foreseeable. It remains unclear why the Dominican Republic refused to accept him, and it is also unclear whether Canada and Barbados would also refuse to accept him for the same reason. On this record, the court cannot find that Simms has good reason to believe that removal will not occur within the reasonably foreseeable future and declines to grant habeas relief on this claim.

Simms further asserts that he is entitled to habeas relief because the government failed to demonstrate special circumstances to justify his detention as required by 8 C.F.R. § 241.14. However, this regulation establishes procedures for the continued detention of noncitizens "on account of special circumstances even though there is no significant likelihood that the alien will be removed in the reasonably foreseeable future." 8 C.F.R. § 241.14(a). As detailed above, Simms has not adequately demonstrated that his removal will not occur in the reasonably foreseeable future, so he also cannot demonstrate a violation of 8 C.F.R. § 241.14. As a result, he cannot obtain habeas relief on this claim.

Simms also asserts that he is entitled to habeas relief because his custody reviews do not satisfy due process because they do not require a neutral adjudicator, do not

provide for an appeal, and do not shift the burden to the government to justify his continued detention. Simms cites no legal authority for the proposition that his proposed procedures are required, and the court is unaware of any such statutory or regulatory requirements. *See e.g.*, 8 U.S.C. § 1231; 8 C.F.R. § 241.4. The court further observes that ICE has provided some due process to Simms by conducting custody reviews on January 14, 2026, and on April 8, 2026, in which ICE continued his detention but advised him that he remained able to submit evidence "to demonstrate a good reason why [his] removal is unlikely. ECF 12-1 at 12-15. Consequently, the court also declines to grant habeas relief on this basis. No other claims remain, so the court will deny the habeas petition.

As a final matter, the court observes that "for detention to remain reasonable, as the period of prior postremoval [order] confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas v. Davis*, 533 U.S. 678,  701 (2001). While Simms may not be entitled to habeas relief now, it does not prevent him from seeking habeas relief at some later date if the government continues to detain him for a significant period of time.

For these reasons, the court **DENIES** the habeas petition (ECF 1) and **DIRECTS** the clerk to close this case.

SO ORDERED on May 11, 2026.

    /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT